{¶ 1} Appellant, Dale Young, appeals the trial court's ruling, which granted summary judgment in favor of appellee, Euclid City School District ("the school district"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On November 18, 2005, Young filed a complaint for intentional tort against the school district and a products liability action against Genie Industries United States. On November 30, 2006, the school district filed a motion for summary judgment. On December 1, 2006, Young dismissed her complaint against Genie Industries without prejudice. On March 8, 2007, the trial court granted the school district's motion for summary judgment.
 {¶ 3} This appeal stems from an incident that occurred on November 19, 2003. While working as a custodian at Euclid City High School, Young was helping her supervisor, Glenn Blade ("the supervisor"), replace a light bulb. Young used a Genie Lift to reach the lightbulb.[1] Ultimately, because of the supervisor's admitted error in setting up the Genie Lift, Young was injured when part of the Genie Lift fell on her.
 {¶ 4} The supervisor testified that he had set up the Genie Lift on prior occasions. Young was also trained to use the Genie Lift and had used it in the past. *Page 4 
According to the testimony of the supervisor, in setting up the Genie Lift, he would put it into a 45-degree position; he would then normally move it into the upright position; and after it was in the upright position, he ordinarily would release and stow the support struts and carriage wheels. However, on the date of the incident, the supervisor accidentally removed the support strut pin while the Genie Lift was still in the 45-degree position. This caused the leaning boom to fall, hitting appellant. The supervisor contends that he tried, unsuccessfully, to push appellant out of the way.
 {¶ 5} Young brings this appeal asserting three assignments of error for our review.[2] Because her third assignment of error is dispositive of this case, we address it first.
 Sovereign Immunity {¶ 6} "III. The trial court abused its discretion in granting appellee Euclid City School District's motion for summary judgment finding that appellees are entitled to sovereign immunity pursuant to R.C. 2744, as a matter of law."
 {¶ 7} Young argues that the trial court erred when it granted the school district's motion for summary judgment because, under various exceptions to the Ohio Revised Code, the school district is not immune from suit. The school district argues that summary judgment was appropriate because it is immune from suit, and none of the exceptions apply. *Page 5 
 {¶ 8} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 9} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 10} In Dresher v. Burt, 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstratethe absence of a genuine issue of fact or material element of thenonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party *Page 6 
has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a genuine issue for trial exists. Id.
 {¶ 11} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (May 18, 1993), Scioto App. No. 92CA2052. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (Dec. 31, 1990), Cuyahoga App. No. 57742.
 {¶ 12} Ohio courts have held that "political subdivisions are immune from intentional tort claims." Ellithorp v. Barberton City Sch. Bd. ofEd. (July 9, 1997), Summit App. No. 18029; see, also, Wilson v. StarkCty. Dept. of Human Serv. (1994), 70 Ohio St.3d 450, 639 N.E.2d 105;Chase v. Brooklyn City Sch. Dist. (Jan. 4, 2001), Cuyahoga App. No. 77263.
 {¶ 13} R.C. 2744 grants governmental immunity to political subdivisions, such as the school district, and appellant "does not dispute that [the school district] is a political subdivision under Ohio law." There is a three-tiered analysis to determine whether immunity applies. Under R.C. 2744.02(A)(1), the first tier requires that the defendant be a political subdivision. Elston v. Howland LocalSchools, 113 Ohio St.3d 314, 317, 2007-Ohio-2070, 865 N.E.2d 845. The second tier focuses on *Page 7 
exceptions to immunity under R.C. 2744.02(B). Id. Finally, under the third tier, if an exception was found to exist, immunity may be restored if the political subdivision asserts a defense under R.C. 2744.03. Id.
 Political Subdivision {¶ 14} Under R.C. 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
 {¶ 15} R.C. 2744.01(F) states that a "`political subdivision' or `subdivision' means a municipal corporation, township, county,school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." (Emphasis added.)
 {¶ 16} R.C. 2744.01(C)(2)(c) defines "governmental function" as "the provision of a system of public education"; and R.C. 2744.01(C)(2)(g) defines "governmental functions" to include the "maintenance, and operation of buildings that are used in connection with the performance of a governmental function." Courts have held that "the operation of a public school is a governmental function." Ellithorp, supra. Therefore, unless an exception applies, the school district, a political subdivision involving a system of public education, has sovereign immunity against intentional torts. *Page 8 
 Exceptions to Immunity {¶ 17} Under R.C. 2744.02(B), five exceptions exist that would make a political subdivision, otherwise eligible for immunity, liable for damages. The five exceptions include: negligent operation of a motor vehicle by the political subdivision's employee; negligent performance of acts by an employee of a political subdivision with respect to the political subdivision's "proprietary functions"; the political subdivision's negligent failure to keep public roads in repair; negligent creation or failure to remove physical defects in buildings and grounds; and where another section of the Ohio Revised Code expressly imposes civil liability on a political subdivision.
 {¶ 18} The first four exceptions above deal with a political subdivision's negligent acts. Here, appellant is suing the school district strictly on an intentional tort theory; therefore, none of those exceptions apply. Further, the Ellithorp court held that "an intentional tort, committed by an employer against an employee is not included within the exception to immunity set forth in R.C. 2744.02(B)."Ellithorp, supra. "Because R.C. 2744.02(B) includes no specific exceptions for intentional torts, courts have consistently held that political subdivisions are immune from intentional tort claims." Id. Finally, there is no other Ohio Revised Code section that imposes civil liability in this situation. Accordingly, none of the exceptions under R.C. 2744.02(B) apply to remove the school district's immunity. *Page 9 
 {¶ 19} Young alleges that the exceptions under R.C. 2744.09(B) and R.C. 2744.03(A)(5) do apply. She contends that, because exceptions exist under those statutes, the school district has no immunity.
 {¶ 20} We note that, in her brief in opposition to the school district's motion for summary judgment, Young raised R.C. 2744.09(B), but failed to raise R.C. 2744.03(A)(5) as an exception. Because this issue was not raised at the trial level, appellant has waived her right to raise this issue on appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629. Accordingly, we need not address appellant's argument under R.C. 2744.03(A)(5).
 {¶ 21} Although we do not have to address appellant's argument, we find that R.C. 2744.03(A)(5) is not an exception to immunity because, under the third tier of analysis, R.C. 2744.03(A)(5) is adefense that a political subdivision may assert after a court finds an exception to immunity. For example, if we had found that one of the exceptions under R.C. 2744.02(B) applied, and immunity did not exist, the school district would have been able to assert a defense under R.C.2744.03(A)(5) in order to restore immunity. Because we find that immunity does exist, and no exceptions apply, R.C. 2744.03 is irrelevant to our analysis.
 {¶ 22} Under R.C. 2744.09(B), R.C. 2744 does not apply to "civil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." (Emphasis added.) Young argues that, because her injury occurred at work, her *Page 10 
intentional tort claim "arises out of the employment relationship." As a result, she contends that the school district's immunity does not apply. This argument is likewise without merit.
 {¶ 23} Generally, an employee's intentional tort claim does notarise out of the employment relationship. Brady v. Safety-KleenCorp. (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, paragraph one of the syllabus. Further, in Thayer v. West Carrollton Bd. of Ed., Montgomery App. No. 20063, 2004-Ohio-3921, T|15, the court held that political subdivision immunity applies to intentional torts because those claims do not arise out of the employment relationship. Therefore, we find that R.C. 2744.09 is not an exception to political subdivision immunity in the context of intentional torts in the employment setting.
 {¶ 24} Having determined that no exceptions apply to the school district's immunity, we need not consider whether the school district's immunity can be restored under R.C. 2744.03 under the third tier of analysis.
 {¶ 25} Summary judgment was appropriate because, as a political subdivision, the school district is immune from liability, and no exceptions apply. We note that we do not address whether, absent immunity, the acts complained of here constitute intentional tort.
 {¶ 26} Because we find that the city is immune from suit, and no exceptions apply, appellant's first and second assignments of error are moot.
 Judgment affirmed. *Page 11 
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and CHRISTINE, T. McMONAGLE, J., CONCUR
 APPENDIX
Appellant's Assignments of Error:
I. The trial court abused its discretion in granting appellee Euclid City School District's motion for summary judgment when reasonable minds could clearly come to a conclusion in favor of appellant Dale Young.
II. The trial court abused its discretion in granting appellee Euclid City School District's motion for summary judgment when there are clearly material facts in dispute.
[1] A Genie Lift has a "caged platform on a telescoping boom" that lifts someone into the air.
[2] Appellant's assignments of error I and II are included in the Appendix attached to this Opinion. *Page 1