THORNTON, Appellant,

v.

CLEVELAND, Appellee.

[Cite as *Thornton v. Cleveland,* 176 Ohio App.3d 122, 2008-Ohio-1709.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89902.

Decided April 10, 2008.

Robert D. Thornton, pro se.

Robert J. Triozzi, Director of Law, and Larry G. Webb, Assistant Director of Law, for appellee.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Plaintiff-appellant, Robert D. Thornton, pro se, appeals from the trial court's judgment granting the Civ.R. 12(C) motion for judgment on the pleadings filed by defendant-appellee, the city of Cleveland ("the city"). We affirm in part and reverse in part.

{¶ 2} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a "belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267, citing *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, and *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731.

{¶ 3} Although the standards for Civ.R. 12(B)(6) and (C) motions are similar, Civ.R. 12(C) motions are specifically for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and answer. Id. at 569, 664 N.E.2d 931. A court must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* (Apr. 25, 2002), Franklin App. No. 01AP–1073, 2002 WL 723707. To grant the motion, the court must find beyond doubt that the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief. *Pontious,* 75 Ohio St.3d at 570, 664 N.E.2d 931. Our review of the appropriateness of judgment on the pleadings is de novo. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674, discretionary appeal not allowed (2000), 90 Ohio St.3d 1493, 739 N.E.2d 817.

{¶ 4} Thornton's complaint against the city stemmed from a pipe repair job performed by the Cleveland Division of Water at Thornton's home. The gist of Thornton's complaint was that city employees, while purporting to fix a broken water pipe on his property, purposely caused other damage to his property, and then offered to fix the damage on their own time at Thornton's expense. In his complaint, he asserted tort claims of extortion, fraud, conspiracy, unjust enrichment, gross negligence, and slander against the city as a result of the "knowing, willful, intentional, reckless and wanton" behavior of the city's employees, as well as violations of Ohio's Racketeer Influenced and Corrupt Organizations Act ("RICO"),[1] and Deceptive Trade Practices Act.[2] The city answered Thornton's complaint and denied all liability. In its subsequent motion for judgment on the pleadings, the city asked the court to dismiss Thornton's complaint because it is immune from liability under the doctrine of sovereign immunity, as codified in R.C. Chapter 2744, the Political Subdivision Tort Liability Act.

{¶ 5} Determining whether a governmental entity is immune from tort liability is a three-tiered analysis. *Elston v. Howland Local Schools,* 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, at ¶ 10. First, R.C. 2744.02(A)(1) sets forth the general blanket immunity applicable to political subdivisions. It provides that a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions. To overcome this statutory immunity, a plaintiff must show that one of the five exceptions contained in R.C. 2744.02(B) applies. These exceptions are:

1. negligent operation of a motor vehicle;

2. negligent conduct of employees while carrying out a proprietary function;

3. a municipality's failure to keep roads and sidewalks free from nuisance;

4. injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and

---

1. R.C. 2923.31 et seq.

2. R.C. 4165 et seq.

5. any other situation in which liability is expressly imposed by the Revised Code.

If a plaintiff demonstrates that one of the five enumerated exceptions to governmental immunity applies, a political subdivision may then assert one of the defenses set forth in R.C. 2744.03(A) to revive its immunity.

{¶ 6} Here, because the city's repairing of the water system is a proprietary function,[3] number two above, the negligent conduct of employees while carrying out a proprietary function, might apply under the facts of this case as an exception to the city's blanket immunity. (None of the other exceptions apply.) A careful review of Thornton's complaint, however, demonstrates that he did not allege any negligent behavior by the city's employees. To the contrary, all of his causes of action (including one captioned "gross negligence") assert that the city's employees acted knowingly, intentionally, and willfully in purposely damaging his property so they could later fix the damage at their own profit. Because R.C. 2744.02(B) includes no specific exceptions for intentional torts, courts have consistently held that political subdivisions are immune from intentional tort claims. *Young v. Genie Indus. United States,* Cuyahoga App. No. 89665, 2008-Ohio-929, 2008 WL 603036, at ¶ 18, citing *Ellithorp v. Barberton City School Bd. of Edn.* (July 9, 1997), 9th Dist. No. 18029, 1997 WL 416333.

{¶ 7} Because none of the five enumerated exceptions apply in this case, the city is statutorily immune from liability on Thornton's tort claims. A municipality's *employees* may be held *individually liable* upon a showing of malice or wanton or reckless behavior, or if the employees' actions were manifestly outside the scope of the employees' employment or official responsibilities, see R.C. 2744.03(A)(6)(a) and (b), but Thornton did not name any individual persons as defendants.

{¶ 8} Neither Thornton's claim of a RICO violation nor his claim of a violation of Ohio's Deceptive Trade Practices Act is a tort claim, and thus the city's immunity from tort liability does not resolve whether the trial court properly dismissed these claims. See, e.g., *Brkic v. Cleveland* (1997), 124 Ohio App.3d 271, 282, 706 N.E.2d 10 ("By its very language and title, R.C. Chapter 2744 applies to tort actions for damages").

{¶ 9} With respect to Thornton's RICO claim, R.C. 2923.32(A)(1) provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *." R.C. 2923.31(C) defines "enterprise" to include a "governmental agency."

---

3. R.C. 2744.01(G)(1).

{¶ 10} With respect to Thornton's claim that the city violated Ohio's Deceptive Trade Practices Act, R.C. 4165.02(A) lists various deceptive trade practices that are illegal if engaged in by a "person." R.C. 4165.01(D) defines a "person" as including a "government" and "governmental subdivision or agency."

{¶ 11} Construing the allegations of Thornton's complaint as true and all reasonable inferences to be drawn therefrom in a light most favorable to Thornton, we do not find "beyond doubt" that Thornton cannot prove any set of facts in support of these claims that would entitle him to relief. Accordingly, the trial court erred in granting the city's motion for judgment on the pleadings regarding these claims. Appellant's assignment of error is therefore overruled in part and sustained in part.

{¶ 12} The judgment is affirmed in part and reversed in part.

Judgment affirmed in part<br>and reversed in part.

GALLAGHER, P.J., and DYKE, J., concur.