[Cite as *Nykiel v. Northcoast Moving Ents.*, 2012-Ohio-272.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97009**

## ROBERT NYKIEL

PLAINTIFF-APPELLEE

vs.

## NORTHCOAST MOVING ENTERPRISES, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-673066

**BEFORE:**    Sweeney, P.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    January 26, 2012

**ATTORNEY FOR APPELLANT**

Christopher J. Shaw, Esq.
1487 Belle Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

David P. Thomas, Esq.
Cooper & Thomas
801 Terminal Tower
Cleveland, Ohio 44113

Naveen Ramprasad, Esq.
Assistant Attorney General
Vincent T. Lombardo, Esq.
Assistant Attorney General
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113-1899

JAMES J. SWEENEY, P.J.:

{¶ 1}  Defendant-appellant Northcoast Moving Enterprises, Inc. ("Northcoast") appeals the court's denial of its motion for judgment on the pleadings in this workers' compensation case.   After reviewing the facts of the case and pertinent law, we reverse the trial court's judgment.

{¶ 2}  In April 2008, plaintiff-appellee Robert Nykiel was injured while working for Northcoast.   Nykiel filed a workers' compensation claim, which was ultimately allowed.   Pursuant to R.C. 4123.512, Northcoast filed a notice of appeal in the common pleas court, and on November 14, 2008, Nykiel filed his complaint.   On August 5, 2009,

Nykiel filed a notice of voluntary dismissal without prejudice under Civ.R. 41(A)(1), which the court granted on August 24, 2009.

{¶ 3} The next docket entry in this case was on May 9, 2011, when Northcoast filed a motion for judgment on the pleadings based on Nykiel's failure to re-file his complaint within the one-year saving clause pursuant to R.C. 2305.19. The motion was unopposed; however, the court summarily denied it on June 10, 2011.

{¶ 4} Northcoast appeals and raises one assignment of error for our review.

{¶ 5} I. "The trial court erred by not granting Defendant-Appellant's, Northcoast Moving Enterprises, Inc., Motion for Judgment on the Pleadings when Northcoast was the appealing party to Common Pleas Court from a decision adverse to it by the Industrial Commission of Ohio, and Plaintiff-Appellee, Robert Nykiel, filed his Complaint and subsequently filed a Voluntary Dismissal, but never refiled his Complaint within the time required by statute."

{¶ 6} Pursuant to Civ.R.12(C), "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Motions for judgment on the pleadings are "specifically for resolving questions of law," and the court "must construe as true all of the material allegations in the complaint [and answer], with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶3 (8th Dist.). We review a court's ruling on motions for judgment on the pleadings under a de novo standard. *Id.*

**{¶ 7}** In *Thorton v. Montville Plastics & Rubber, Inc.,* 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, the Ohio Supreme Court summarized the law regarding R.C. 2305.19's one-year saving clause as applied to workers' compensation appeals under R.C. 4123.512. The court stated that "'[i]n an employer-initiated workers' compensation appeal,'" after an employee voluntarily dismisses a workers' compensation complaint under Civ.R. 41(A), "'if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment * * *.'" (Quoting *Fowee v. Wesley Hall, Inc.,* 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, syllabus.)

**{¶ 8}** This court had previously reached the same conclusion in *Smith v. Continental Airlines, Inc.*, 8th Dist. No. 81010, 2002-Ohio-4181, 2002 WL 1879004, relying on *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 704 N.E.2d 1212 (1999). In *Kaiser*, the Ohio Supreme Court established that the trial court retained jurisdiction over an employer's notice of appeal in a workers' compensation claim, even after an employee's voluntary dismissal under Civ.R. 41(A), to prevent the employee from perpetually delaying refiling his or her complaint. *Id*. at 415.

**{¶ 9}** The instant case is procedurally similar to *Smith*. Nykiel failed to re-file his dismissed complaint within the one-year prescribed in R.C. 2305.19. Given the body of law discussed above, we must hold that the court erred in denying Northcoast's motion for judgment on the pleadings. Northcoast's sole assignment of error is sustained.

{¶ 10} Judgment reversed, and case remanded to the trial court for entry of judgment on the pleadings in favor of Northcoast.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
MARY EILEEN KILBANE, J., CONCUR