[Cite as *Dobransky v. Cleveland Metro. Park Sys.*, 2013-Ohio-266.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98533**

---

## AMY L. DOBRANSKY

PLAINTIFF-APPELLEE

vs.

## CLEVELAND METRO PARK SYSTEM, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-707077 and CV-708492

**BEFORE:** Stewart, A.J., Jones, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEYS FOR APPELLANT BOARD OF PARK COMMISSIONERS OF THE CLEVELAND METROPOLITAN PARK DISTRICT**

Michael J. Bertsch
Kathleen E. Gee
Nicola, Gudbranson & Cooper, LLC
Republic Building, Suite 1400
25 West Prospect Avenue
Cleveland, OH    44115


**ATTORNEYS FOR APPELLEE**

Jerald A. Schneiberg
Stacy M. Callen
Jennifer L. Lawther
Nager, Romaine & Schneiberg Co., LPA
27730 Euclid Avenue
Cleveland, OH    44132


**ATTORNEYS FOR DEFENDANT ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION**

Mike DeWine
Attorney General

BY:    Mark E. Mastrangelo
Assistant Attorney General
Workers' Compensation Section
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs and oral arguments of counsel. Appellant Board of Park Commissioners of the Cleveland Metropolitan Park District ("the board") appeals from a court of common pleas order that denied its motion to dismiss a workers' compensation appeal filed by its employee, appellee Amy Dobransky.

{¶2} The underlying litigation involved separate appeals from the Industrial Commission of Ohio on workers' compensation claims filed by Dobransky against the board: one appeal filed by Dobransky (CV-707077); the other appeal filed by the board (CV-708492). As required by R.C. 4123.512(D), Dobransky filed complaints in both cases. The appeals were consolidated. Dobransky then filed, with the board's consent, a notice of voluntary dismissal without prejudice. After one year elapsed from the date of the voluntary dismissal without Dobransky refiling the appeals, the board asked the court to dismiss the appeals because the appeals would be time-barred under R.C. 2305.19, the savings statute. The court found the board's motion was moot because Dobransky's dismissal without prejudice meant there was "no pending litigation before this court."

**{¶3}** The court erred by concluding it lacked jurisdiction to consider the board's appeal. "The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint." *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 415, 1999-Ohio-360, 704 N.E.2d 1212. We thus held in *Smith v. Continental Airlines, Inc.*, 8th Dist. No. 81010, 2002-Ohio-4181, that the court of common pleas "retained jurisdiction" over an employer's notice of appeal even though it had been dismissed by the employee and that the court erred by refusing to grant the employer's motion for judgment on the pleadings when the employee failed to refile his complaint within the savings statute. *Id.* at ¶ 16-21, citing *Rice v. Stouffer Foods Corp.*, 8th Dist. No. 72515, 1997 Ohio App. LEXIS 4872 (Nov. 6, 1997). It follows that the court erred by refusing to dismiss Dobransky's complaint.

**{¶4}** With the court having jurisdiction to rule on the board's motion to dismiss, that motion should have been granted on the authority of *Nykiel v. Northcoast Moving Ents.*, 8th Dist. No. 97009, 2012-Ohio-272. *Nykiel* involved facts identical to those in this case — an employer appealed a decision of the industrial commission, the employee later dismissed the petition and failed to refile it within one year as required by the savings statute, and the court refused to grant the employer's motion for judgment on the pleadings. We held that the court erred by refusing to grant judgment on the pleadings because "Nykiel failed to re-file his dismissed complaint within the one-year prescribed in R.C. 2305.19." *Id.* at ¶ 9. As in *Nykiel*, there is no question that Dobransky failed to

refile her complaint within the one-year savings statute, so the court erred by failing to grant the board's motion to dismiss.

{¶5} Dobransky argues that *Nykiel* is distinguishable because the board gave its consent to the voluntary dismissal in this case, whereas it "appears that in *Nykiel*, both parties did not sign the Notice of Dismissal." Appellee's Brief at 10. We disagree. The facts in *Nykiel* show that the voluntary dismissal occurred on August 5, 2009. This was after R.C. 4123.512(D) was amended effective August 25, 2006, to end an employee-claimant's right to unilaterally dismiss a complaint brought by an employer and require that an employee obtain the employer's consent to the dismissal of the employer's appeal. *See Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, fn. 2. Nykiel was subject to the amended R.C. 4123.512(D) and could only have dismissed his employer's complaint with the employer's prior approval. So no distinction exists between this case and *Nykiel*.

{¶6} Finally, we reject Dobransky's argument that the board should be estopped from seeking to enforce the savings statute because it consented to her voluntary dismissal. The board's consent to Dobransky's voluntary dismissal of its appeal did not mean that it was conceding or settling the question of benefits in Dobransky's favor and that Dobransky did not have to refile her petition. Had that been the case, the board would arguably have consented to a dismissal with prejudice.

{¶7} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
PATRICIA ANN BLACKMON, J., CONCUR