[Cite as *Williams v. State*, 2015-Ohio-3771.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102664**

# J.L. WILLIAMS, JR.

PLAINTIFF-APPELLANT

vs.

# STATE OF OHIO

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-819134

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 17, 2015

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brian R. Gutkoski
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} J.L. Williams filed a complaint seeking to be declared a wrongfully imprisoned individual pursuant to R.C. 2743.48. The state filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) arguing that, as a matter of law, Williams could not be declared a wrongfully imprisoned individual as statutorily defined. The trial court granted the motion. For the following reasons, we affirm the judgment of the trial court.

{¶2} In 2011, a jury acquitted Williams from three counts of trafficking drugs and two counts of drug possession. In that same case, after waiving the jury trial on the having weapons while under disability count, Williams was found guilty and sentenced to one year in prison by the trial court. Williams successfully appealed. In *State v. Williams*, 8th Dist. Cuyahoga No. 97235, 2012-Ohio-3355, a panel from this court concluded that Williams's conviction for having weapons while under disability was against the manifest weight of the evidence. Williams's conviction was vacated and served as the basis of the R.C. 2743.48 claim.

{¶3} Williams, in the current appeal, advanced three assignments of error, all of which depend on whether the trial court erred in granting judgment on the pleadings in favor of the state.[1] We review a ruling on a motion for judgment on the pleadings de

---

[1]Williams devotes considerable ink to a claim that the trial court converted the motion for judgment on the pleadings into one for summary judgment and considered facts outside the pleadings. The trial court's final judgment was based on Civ.R. 12(C). Based on the procedural posture, we find no merit to Williams's attempt to interpret the trial court's final judgment as anything but a judgment on the pleadings. Further, we need not address the issue of whether the state can refile the

novo. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. As a matter of law, Williams cannot be declared a wrongfully imprisoned individual based on the claims as pleaded.

**{¶4}** The trial court granted the state's motion for judgment on the pleadings relying on *Holloway v. State*, 8th Dist. Cuyahoga No. 100586, 2014-Ohio-2971. In that case, a panel from this court concluded that pursuant to R.C. 2743.48, an individual seeking to be declared wrongfully imprisoned must meet all five enumerated requirements of R.C. 2743.48(A), which provides in pertinent part:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

* * *

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined

---

having weapons while under disability charge. Our decision is not predicated on whether the state can charge Williams again, and therefore, we need not reach any conclusions on that issue.

by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

Subsection (A)(5) has two alternative options.[2] The plaintiff can allege actual innocence or that an error in procedure that occurred after sentencing and during or after imprisonment resulted in the plaintiff's release.

{¶5} In *Holloway*, for instance, the plaintiff's alleged error in procedure, pursuant to R.C. 2743.48(A)(5), was that the trial court erred in admitting hearsay during his trial, as demonstrated by the fact that on the direct appeal the conviction was vacated. *Id.* at ¶ 18. The *Holloway* panel concluded that because the complaint was limited to the allegation that an error occurred at trial and there was no allegation of actual innocence, the plaintiff could not be declared a wrongfully imprisoned individual pursuant to R.C. 2743.48(A)(5) as a matter of law. *Id.*; *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, ¶ 7 (in the absence of allegations of actual innocence, the plaintiff must allege error that resulted in the individual's release that occurred subsequent to sentencing or imprisonment under the plain and ordinary reading of the statute).

---

[2] We recognize that the Ohio Supreme Court released two decisions recently interpreting R.C. 2743.48. Neither decision is applicable to the current case. In *State v. Bundy*, Slip Opinion No. 2015-Ohio-2138, the court concluded that an offender cannot prove actual innocence by showing his conviction was reversed as being unconstitutional. In this case, Williams has not pleaded actual innocence. In *C.K. v. State*, Slip Opinion No. 2015-Ohio-3421, the court interpreted R.C. 2743.48(A)(4), a factor not at issue in the current case.

**{¶6}** The same result must follow in this case. In his complaint, Williams alleged that he was a wrongfully imprisoned individual because a panel of this court vacated his conviction based on errors made at trial and before sentencing. There are no allegations of actual innocence.[3] As in *Holloway* and *Mansaray*, and after construing all material factual allegations in the complaint and all reasonable inferences in his favor, we must conclude that Williams can prove no set of facts entitling him to relief pursuant to R.C. 2743.48(A). The alleged error in procedure that resulted in his release from prison occurred before sentencing. In the absence of allegations of actual innocence, Williams cannot be declared a wrongfully imprisoned individual. Upon our review of the allegations in the complaint, Williams cannot satisfy R.C. 2743.48(A)(5) as pleaded, and judgment as a matter of law in favor of the state was appropriate. We affirm the judgment of the trial court.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[3]The fact that an appellate court vacated a conviction is not actual innocence. *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 22. "[A] trial court adjudicating proof of innocence pursuant to R.C. 2743.48(A)(5) may not find that a claimant has been wrongfully imprisoned based solely on an appellate court judgment vacating a felony conviction due to insufficient evidence and discharging the prisoner without a remand for a new trial." *Id.* In light of the fact that Williams failed to allege actual innocence in the complaint and solely based his allegations on an appellate reversal of his conviction, the trial court could not have considered any argument regarding actual innocence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR