[Cite as *Gilbert v. Cleveland*, 2019-Ohio-3517.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BELINDA GILBERT,                              :

    Plaintiff-Appellant,              :

                                                  No. 107934

    v.                                        :

CITY OF CLEVELAND,                          :

    Defendant-Appellee.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-892645

---

### *Appearances:*

Robert R. Lucarelli Co., L.P.A., and Robert R. Lucarelli, *for appellant.*

Barbara A. Langhenry, Cleveland Director of Law, and Elizabeth M. Crook, and Wesley M. Kretch, Assistant Directors of Law, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Belinda Gilbert, appeals the trial court's decision granting summary judgment in favor of defendant-appellee, the city of Cleveland. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} On July 18, 2014, Gilbert went to R.J. Taylor Park in Cleveland, Ohio to watch her sons play basketball. When she exited the vehicle she was riding in, she stepped onto the concrete walkway entrance of the park. She saw her sons and began waving at them. However, after taking four or five steps, she suddenly fell after stepping into a hole that was exposed in the concrete walkway — her entire leg was submerged into the hole. As a result, she suffered serious injury to her leg. Gilbert testified at deposition that she did not see the hole in the concrete walkway because she was looking ahead.

{¶ 3} Gilbert's leg fell into a hole that was exposed when a city of Cleveland employee, in order to gain access inside the park with a large city vehicle, removed the wooden barrier or post from into the hole that was located in the middle of the walkway entrance. Gilbert testified that as she was receiving assistance with removing her leg from the hole, city of Cleveland employees approached her, apologized to her, and reinserted the removed wooden post. In addition to the wooden post in the middle of the walkway entrance, there were other posts along the entrance of the park; those posts were intact. The purpose of the wooden barriers or posts is to prevent vehicles from driving into the park area where pedestrians and users of the park may be present.

{¶ 4} Gilbert's children who accessed the park earlier that day and in the same area as their mother, also testified at deposition. One of her sons testified that when he entered the park that morning, he noticed the wooden barrier was removed from the hole and he saw a city truck in the park.

{¶ 5} Carlton Boone, an employee with the city of Cleveland for 27 years, testified at deposition that he did not recall working in the park on the day that Gilbert fell, but stated that the employees who mow the park would need to remove the barrier in the middle of the entranceway for the larger truck and trailer to gain access to the park. He stated that no policy or procedure exists whether the wooden barrier should be immediately reinserted into position after the city workers enter the park, but that the post should be reinserted when the workers leave the park.

{¶ 6} In February 2018, Gilbert filed a complaint against the city for the injuries she sustained at the park. She claimed the "direct and proximate cause of the accident * * * was the recklessness, willfulness, wantonness, carelessness, maliciousness, intentional conduct and/or negligence of [the city]," and that based on this conduct, she suffered serious injury.

{¶ 7} The city moved for summary judgment, contending that it is immune from liability based on R.C. Chapter 2744, Political Subdivision Tort Immunity, and R.C. 1533.181, the recreational-user statute.

{¶ 8} The trial court granted the city's motion for summary judgment, finding that "the City is entitled to political subdivision immunity under R.C. 2744.02(A)(1) and none of the exceptions in R.C. 2744.02(B) apply. The City is also entitled to immunity under Ohio's recreational user statute, R.C. 1533.181."

{¶ 9} Gilbert now appeals, raising as her sole assignment of error that the trial court erred when it granted the city's motion for summary judgment because

the facts and circumstances of this case do not demonstrate that immunity applies as a matter of law.

{¶ 10} Questions of immunity are matters of law, so they are particularly apt for resolution by way of summary judgment. *FirstEnergy Corp. v. Cleveland*, 179 Ohio App.3d 280, 2008-Ohio-5468, 901 N.E.2d 822, ¶ 7 (8th Dist.). We review a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 11} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact. *Id.*

{¶ 12} The city contended that it was entitled to summary judgment as a matter of law for three reasons: (1) the operation of a park and maintenance of a sidewalk are governmental functions for which the city is entitled to immunity under R.C. Chapter 2744, and no exception to that immunity applies; (2) the city is immune from Gilbert's intentional tort claims because none of those claims fall within any exception to immunity under R.C. Chapter 2744; and (3) Gilbert's claims are prohibited under R.C. 1533.181 because Gilbert was a recreational user of R.J. Taylor Park.

{¶ 13} Because we find that the trial court did not err in granting summary judgment in favor of the city on the basis of R.C. 1533.181, the recreational-user statute, we need not address whether the city would also be immune from liability under R.C. Chapter 2744.[1]

{¶ 14} Despite the enactment of R.C. Chapter 2744 that provides tort immunity to political subdivisions, Ohio courts still apply R.C. 1533.181 as a derivative tort immunity to municipalities and other political subdivisions. *See, e.g., Pauley v. Circleville*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083 (city immune from liability where recreational user of a city park was injured following striking debris while sledding).

---

[1] We note that Ohio courts have consistently held that political subdivisions are immune under R.C. 2744.02 from intentional tort claims. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 6 (8th Dist.). In her brief in opposition to the city's motion for summary judgment, Gilbert clarifies that her causes of action against the city are not claims of intentional tort, but only for negligent conduct.

{¶ 15} R.C. 1533.181(A) states:

No owner, lessee, or occupant of premises:

(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.

{¶ 16} R.C. 1533.18 provides:

As used in sections 1533.18 and 1533.181 * * * :

(A) "Premises" means all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person, firm, or organization, including any buildings and structures thereon.

(B) "Recreational user" means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to * * * engage in other recreational pursuits.

{¶ 17} "Premises" under R.C. 1533.18(A) includes land owned by municipalities and the state. *Pauley*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083 at ¶ 15, citing *LiCause v. Canton*, 42 Ohio St.3d 109, 110, 537 N.E.2d 1298 (1989).

{¶ 18} Immunity afforded by the recreational user statute is not absolute; rather it limits liability of landowners from injuries to the recreational user that arises from the *condition of the premises*, i.e. lands, ways, waters, and any buildings or structures thereon. *Combs v. Ohio Dept. of Natural Resources*, 146

Ohio St.3d 271, 2016-Ohio-1565, 55 N.E.3d 1073, ¶ 16; *Pauley*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083.

{¶ 19} In determining whether immunity applies, the analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public. *Miller v. Dayton*, 42 Ohio St.3d 113, 114, 537 N.E.2d 1294 (1989), paragraph one of the syllabus. The property must be held open to the public for recreational use, free of charge. *See LiCause* at syllabus. The character of the premises envisioned by the recreational-user statute involves "the true outdoors," because "[m]ost of the recreational activities enumerated in R.C. 1533.18(B) are generally conducted in 'the wide open spaces,' such as parks or wilderness tracts * * *." *Loyer v. Buchholz*, 38 Ohio St.3d 65, 67, 526 N.E.2d 300 (1988); *Miller* at 114. However, "[t]o qualify for recreational-user immunity, the property need not be completely natural, but its essential character should fit within the intent of the statute." *See, e.g., Miller* (softball field); *compare Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986) (gymnasium is not a "premises" under R.C. 1533.18(A)).

{¶ 20} Additionally, the type of recreational activities that qualify expressly under the recreational-user statute involve those primarily conducted outdoors, and includes the general language — "and other recreational pursuits," which courts have broadly construed to include spectating others engaged in recreational activity. *See, e.g., Fetherolf v. Ohio Dept. of Natural Resources*, 7 Ohio App.3d 110, 454 N.E.2d 564 (10th Dist.1982) (watching others swim); *Buchanan v.*

*Middletown*, 12th Dist. Butler No. CA86-10-156, 1987 Ohio App. LEXIS 8436 (Aug. 24, 1987) (watching others play baseball).

{¶ 21} In this case, Gilbert entered R.J. Taylor Park, a municipal-owned park, for the sole purpose of observing her children playing basketball inside the park. The parties agree that the park was outdoors, open to the public, and no fee was charged for using the park. Accordingly, no genuine issue of material fact exists that R.J. Taylor Park is the type of premises covered under R.C. 1533.18(A). Additionally, no genuine issue of material fact exists that Gilbert was a recreational user of the park pursuant to R.C. 1533.18(B) because the park was open to the public, she did not pay a fee, and she was engaging in a recreational activity.

{¶ 22} Gilbert contends, however, that the city is not immune because the employees created the condition of the park that caused her injury. In support, Gilbert cites *Combs*, 146 Ohio St.3d 271, 2016-Ohio-1565, 55 N.E.3d 1073.

{¶ 23} In *Combs*, a user of a park operated by the Ohio Department of Natural Resources ("ODNR") was struck by a rock projectile that was thrown from the lawnmower a park employee was operating. ODNR maintained that it was immune from liability pursuant to R.C. 1533.181 for Combs's injury because Combs was a recreational user of the property. The Ohio Supreme Court held that ODNR was not immune because the injury was caused not by a condition of the premises, but from the negligence of the park worker who mowed over loose stones along the waterway.

{¶ 24} A similar result was reached in *Ryll v. Columbus Fireworks Display Co., Inc.*, 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372. In *Ryll*, a spectator was fatally injured by a piece of firework shrapnel while observing a city-sponsored fireworks display. The spectator's estate sued the city, which asserted it was immune from liability under the recreational-user statute. The Ohio Supreme Court held that the recreational-user statute immunizes property owners from injuries that arise from a *defect in the premises*, and because the shrapnel was not a defect in the premises, immunity did not apply.

{¶ 25} The defect in this case, unlike those in *Combs* and *Ryll*, was in the premises — a hole in the pedestrian walkway of the park that was exposed when the city worker removed the barrier post. We find the Ohio Supreme Court's decision in *Pauley*, 137 Ohio St.3d 212, 2013-Ohio-4541, 998 N.E.2d 1083, persuasive and controlling.

{¶ 26} In *Pauley*, a young man went to a city park for the purpose of engaging in the recreational activity of sledding. As he sledded down one of the hills at the park, he struck an immovable object, later discovered to be a railroad tie that was embedded in topsoil that the city had accepted from a construction site and deposited at the city park. As a result, Pauley was severely injured. He and his mother filed a complaint alleging that the city acted negligently, recklessly, and wantonly in dumping debris in the park, which resulted in a physical defect that caused Pauley's injuries. The complaint alleged that "waste and debris * * * created an inherently dangerous situation which no user of the park could have anticipated

and thus substantially altered the nature and characteristic of the public property." The Ohio Supreme Court upheld the grant of summary judgment in favor of the city, finding that because Pauley was a recreational user within R.C. 1533.181, the city owed him no duty to keep the premises safe, and the city's alleged creation of a hazard on the premises did not affect its immunity. The court stated that the railroad-tie-like object embedded in a mound of dirt that caused the injury "was part of the park"; thus, "the injury was caused by a defect in the premises." *Id.* at ¶ 32.

{¶ 27} In this case, a city employee removed the wooden post from the hole in the pedestrian walkway to access the inside of the park with a vehicle. The employee did not immediately replace the post, thus keeping the hole exposed. Arguably, the employee created the hazard that caused Gilbert's injuries, but much like in *Pauley*, "the city's alleged creation of a hazard on the premises does not affect [the city's] immunity." *Id.* at ¶ 22.

{¶ 28} Accordingly, because Gilbert's injury was caused by the condition of the premises and she was a recreational user of the park, the city is immune from liability pursuant to R.C. 1533.181. The trial court did not err in granting summary judgment in favor of the city. The assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR