238

DUB, Appellant,

v.

CITY OF BEACHWOOD et al., Appellees.

[Cite as *Dub v. Beachwood,* 191 Ohio App.3d 238, 2010-Ohio-5135.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94376.

Decided Oct. 21, 2010.

Ronald A. Apelt, for appellant.

Tomino & Latchney, L.L.C., and Ann E. Salek, for appellees.

LARRY A. JONES, Judge.

{¶ 1} Plaintiff-appellant, Helen Dub, appeals the decision of the trial court granting defendants-appellees' motion for summary judgment. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the judgment of the lower court.

## STATEMENT OF THE CASE AND FACTS

{¶ 2} On February 13, 2008, Dub filed a complaint against the city of Beachwood, alleging that the driver of a transportation van was negligent in failing to assist her from the van. Dub alleged that the transporting van was a common carrier and that the driver breached his duty of assisting her in exiting the van. Defendants-appellees, the city of Beachwood et al. (collectively, "Beachwood"), filed a motion for summary judgment on September 3, 2008. Before filing a brief in opposition, Dub voluntarily dismissed the case without prejudice.

Dub refiled her complaint on November 12, 2008. Beachwood again filed its motion for summary judgment on January 8, 2009. The trial court granted Beachwood's motion for summary judgment on April 17, 2009.

{¶ 3} On May 18, 2009, Dub filed a notice of appeal. This court dismissed the appeal, stating that the case had not been fully adjudicated at the trial level. Dub had filed a complaint against the driver of the van as well as Beachwood. Although the lower court granted summary judgment in favor of Beachwood, the complaint against the driver was never adjudicated. Dub subsequently dismissed the driver and refiled this appeal against Beachwood alone.

{¶ 4} The Beachwood Human Services Department provides a variety of programs designed to assist the senior citizens of Beachwood. One of the programs provided to assist the aged is a complimentary senior van service. It is a supplemental transportation service for Beachwood residents 60 years and older who reside in an independent-living setting. The van service is not meant to supply all of a person's transportation needs, but is available to supplement them. Rides are available for medical appointments, shopping, banking, and social and recreational activities. The van service is free, and tipping van drivers is prohibited.

{¶ 5} Beachwood residents must call the Human Services Department to schedule a one-time registration appointment in order to participate in the van service. The resident is given a brochure explaining the van service at the time they register and can then call the Human Services Department to schedule a ride. One of the policies of the van service is that a passenger must bring an escort if the passenger is in need of personal assistance. Often the van driver cannot leave the van to escort passengers. This information is stated in the brochure given to each resident who registers for the service. This information is also provided on Beachwood's website. The resident must be living independently. The van drivers are not required to have a commercial driver's license, but are required to have a valid Ohio driver's license.

{¶ 6} The van has an entrance and exit door on the passenger side of the van near the front, opposite the side of the driver. The driver opens and closes the door using a lever located to his right that he maneuvers while remaining seated. There are three steps that the passengers must maneuver to get on and off the van. Residents typically enter the van while the driver remains seated unless the resident is in a wheelchair.

{¶ 7} On the morning of January 25, 2007, Dub scheduled a ride with the van service. Dub lived at the Four Seasons Apartments in Beachwood and had used the van service many times prior to this day. Dub described the weather that morning as "very bad weather, it was snowing, it was dark." On this day, she carried in her hands an oxygen tank, a cane, and her purse.

{¶ 8} Beachwood learned through discovery that Dub has diabetes and a history of falling. However, Beachwood had no record indicating that Dub had a history of falling at the time she was a passenger on the senior van. Dub chose to travel without an escort to assist her in and out of the van, even though the transportation service literature clearly states that this is the responsibility of the passenger. Dub intended to go shopping at Marc's grocery store in South Euclid the morning of the accident. The van arrived at the Marc's store. The van driver stopped the van a couple of feet from the entrance of the store. With the van geared in park, Dub maneuvered the first two steps to exit the van. Dub stepped down off the last step and onto the pavement, slipped on ice on the pavement and fell, breaking her leg.

## ASSIGNMENTS OF ERROR

{¶ 9} Dub assigns two assignments of error on appeal:

{¶ 10} "[1.] The trial court erred in granting Defendant's Motion for Summary Judgment since genuine issues of material fact existed demonstrating the Defendant is not immune from liability for injuries to Plaintiff Helen Dub under Ohio Revised Code Section 2744.

{¶ 11} "[2.] The trial court erred in granting Defendant's Motion for Summary Judgment since genuine issues of material fact existed demonstrating that Plaintiff Helen Dub had established a prima facie case of negligence and that the Defendant breached their [sic] duty of care, with respect to the operation of its' [sic] senior transport van, causing her to directly and proximately sustain her injuries."

## LEGAL ANALYSIS

{¶ 12} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 10, 746 N.E.2d 618. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 192, 699 N.E.2d 534.

{¶ 13} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Duganitz v. Ohio Adult Parole Auth.* (1996), 77 Ohio St.3d 190, 191, 672 N.E.2d 654.

{¶ 14} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.

**Sovereign Immunity**

■ {¶ 15} In her first assignment of error, Dub argues that the trial court erred when it granted summary judgment because Beachwood was not entitled to immunity. The Supreme Court has set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. 2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610; *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 10–12. If a defense applies, then immunity is reinstated. Id.

{¶ 16} The van service is a function of the Beachwood Human Services Department and is overseen by that department. Accordingly, it appears to satisfy the first tier; however, further review demonstrates that the second tier of the analysis is not satisfied.

{¶ 17} The second tier of the analysis provides exceptions to the rule of general immunity. Dub argues in her brief that the R.C. 2744.02(B)(1) exception applies to her case. R.C. 2744.02(B)(1) provides: "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority* * *."

{¶ 18} In the majority of cases, the broad immunity of R.C. Chapter 2744 provides a complete defense to a negligence cause of action. *Turner v. Cent. Local School Dist.* (1999), 85 Ohio St.3d 95, 98, 706 N.E.2d 1261; *Sabulsky v. Trumbull Cty.*, 11th Dist. No. 2001–T–0084, 2002-Ohio-7275, 2002 WL 31886686, at ¶ 11 ("R.C. Chapter 2744 provides nearly absolute immunity to political subdivisions in order to limit their exposure to money damages").

■ {¶ 19} The Ohio Supreme Court recently held that "the exception to immunity in R.C. 2744.02(B)(1) for the negligent operation of a motor vehicle pertains only to negligence *in driving or otherwise causing the vehicle to be*

*moved.*" (Emphasis added.) *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 26.[1]

{¶ 20} For the sake of clarity, this court notes that this case involves an independent adult who was fully informed that the van service does not provide escorts for entering and exiting the van. Moreover, the specific injury in this case occurred when the van was no longer moving and the driver was not operating the van. It is therefore distinguishable from cases that may involve nonadults under direct supervision in a vehicle that is still in motion or operation.

{¶ 21} In the case at bar, Dub testified that the ice caused her to fall. Moreover, in no part of her testimony or complaint does Dub indicate that she fell as a result of the driver's negligent operation of the vehicle. Rather, part of Dub's argument is that the driver failed to assist her in exiting the van once the van stopped. Dub testified that she does not know where the van driver was at the time she fell.

{¶ 22} As previously stated, the record provides that one of the van service policies states that passengers must bring an escort if they are in need of personal assistance. This information is stated in a brochure that is given to every resident who registers for the service. This information is also on the city's website. Residents must be living independently, and independent adults who need an escort must provide their own escorts. The van drivers in this situation are not required to have a commercial driver's license.

{¶ 23} The evidence further demonstrates that Dub had used the van service many times before the day of her fall. Dub described the weather that morning as very bad, and she was also carrying an oxygen tank, a cane, and her purse while exiting the van. Even though the transportation service literature clearly states that it is the responsibility of the passenger to provide an escort, with the weather being very bad, and Dub having a history of falling, she still chose to travel without an escort to assist her in and out of the van.

{¶ 24} The evidence demonstrates that the van driver was not driving or otherwise causing the vehicle to be moved in this case. We find no exception to the doctrine of immunity that applies here. We find the trial court's judgment to be proper. No genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the

---

1. In *Doe,* the parents of a student brought an action against the school district's board of education and several employees of the district seeking damages after their daughter was sexually molested by another child on a school bus. The trial court denied the board's motion for summary judgment. The board appealed and the Court of Appeals for Stark County reversed. The parents sought review. Upon accepting the appeal, the Supreme Court held that an exception to the political subdivision immunity for the negligent operation of a motor vehicle did not apply to the school bus driver's alleged failure to supervise children on the bus.

evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to Dub. Dub's first assignment of error is overruled.

{¶ 25} Dub argues in her second assignment of error that the court erred because she had established a prima facie case of negligence, and Beachwood breached its duty of care, with respect to the operation of its van, causing her to sustain her injuries. Dub's argument is without merit.

{¶ 26} Review of the evidence demonstrates that Dub cannot meet the elements required to prove negligence. It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. Review of the literature demonstrates that there is no duty on the part of the van drivers to provide an escort. The literature given to the passengers clearly states that passengers must provide an escort if they are in need of personal assistance. Further, there is no duty on the part of van drivers to assist passengers in exiting the van.

{¶ 27} Moreover, Dub testified that she slipped on the ice as she placed her foot on the pavement as she descended from the last step off of the van. She did not slip on the van steps. To prevail in a slip-and-fall negligence claim involving an unnatural accumulation of ice and snow, the plaintiff must submit evidence that the defendant was actively negligent in permitting and/or creating the unnatural accumulation. *Lawrence v. Jiffy Print, Inc.*, Trumbull App. No. 2004-T-0065, 2005-Ohio-4043, 2005 WL 1862309, at ¶ 27.

{¶ 28} In *Williams v. Greater Cleveland Regional Transit Auth.*, Cuyahoga App. No. 87038, 2006-Ohio-3157, 2006 WL 1705129, a passenger was injured from a fall on bus steps that were covered with snow and ice. In *Williams,* the court found that the transit authority did not fail to exercise the degree of care required of it, thereby precluding the bus passenger's recovery in a negligence action. The facts in the case at bar are even more favorable to Beachwood than the facts in *Williams.* Here, Dub did not slip on the steps of the van; she slipped on the ice as she placed her foot on the pavement.

{¶ 29} Accordingly, we find that Dub failed to establish a prima facie case of negligence, and we find no breach of duty on the part of Beachwood. We find no error on the part of the trial court.

{¶ 30} Accordingly, Dub's second assignment of error is overruled.

Judgment affirmed.

Rocco, P.J., and Stewart, J., concur.