[Cite as *Young v. Cuyahoga Cty. Bd. of Mental Retardation*, 2012-Ohio-3082.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97671**

# JAMES YOUNG, ADMINISTRATOR

PLAINTIFF-APPELLEE

vs.

# CUYAHOGA COUNTY BOARD
# OF MENTAL RETARDATION, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-656218

**BEFORE:** Jones, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEY FOR APPELLANT**

Nick C. Tomino
803 East Washington Street
Suite 200
Medina, Ohio 44256


**ATTORNEYS FOR APPELLEE**

Stuart E. Scott
Peter J. Brodhead
Nicholas A. DiCello
Spangenberg, Shibley & Liber, LLP
1001 Lakeside Avenue, East
Suite 1700
Cleveland, Ohio 44114

Mark S. Fishman
526 Superior Avenue
The Leader Building
Suite 853
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, the Cuyahoga County Board of Mental Retardation ("the Board"), appeals the trial court's judgment denying its motion for judgment on the pleadings as to Count 2 of the second amended complaint of plaintiff-appellee, James Young, Administrator of the Estate of Kimberly Young, Deceased. We affirm.

## The Amended Complaint

{¶2} In his second amended complaint, Young alleges that on March 17, 2008, the decedent, Kimberly, was walking southbound in the crosswalk at Chester Avenue where it intersects with East 55th Street, when she was struck by a bus driven by Dennis Simpson. According to the complaint, at the time of the accident Simpson was an employee of the Board, acting within the scope of his employment, and operating a bus owned by the Board.

{¶3} Young alleges in the complaint that Simpson negligently operated the bus. The complaint further alleges that Kimberly died that day as a direct and proximate result of Simpson's negligence. According to the complaint, Simpson had cocaine in his system at the time of the crash.

{¶4} Count 1 of the complaint asserts a vicarious liability claim against the Board for Kimberly's injuries, damages, and death. Count 2 of the complaint asserts a negligent or reckless retention and supervision claim against the Board. In that count, Young

alleges that, prior to the accident, Simpson had twice been convicted for driving under the influence and the Board was aware of the convictions. The complaint alleges that despite the convictions, the Board allowed Simpson to continue operating the Board's motor vehicles without requiring him to participate in a drug and alcohol program or evaluating him to determine his fitness as a bus driver.

<u>The Board's Motion for Judgment on the Pleadings</u>

{¶5} The Board's motion for judgment on the pleadings related to Count 2 and was based on immunity under R.C. Chapter 2744. Young opposed the motion, and the trial court denied it without elaboration. The Board's sole assignment of error reads: "The trial court committed reversible error when it denied Defendant's Motion for Judgment on the Pleadings Based Upon R.C. 2744 Immunity as to Count Two of Plaintiff's Second Amended Complaint for Defendant's negligent retention and/or supervision of its employee."

{¶6} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Motions for judgment on the pleadings are "specifically for resolving questions of law," and the court "must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). We review a court's ruling on a motion for judgment on the pleadings under a de novo standard. *Id.*

**{¶7}** The Ohio Supreme Court has set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability. *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10. First, is the general rule set forth under R.C. 2744.02(A)(1) that political subdivisions qualify for immunity. *Id.* at ¶ 10-11. Second, courts must determine whether any of the exceptions to immunity under R.C. 2744.02(B) apply. *Id.* at ¶ 12. If one of the immunity exceptions apply, then under the third tier, the political subdivision has the burden of showing that one of the defenses under R.C. 2744.03 applies. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

**{¶8}** Young acknowledges that the Board is a "political subdivision pursuant to R.C. 2744.02(A) and its operation of the bus constitutes a governmental function for the purposes of initially determining liability." Young contends, however, that an exception to immunity applies. Specifically, according to Young, the exception under R.C. 2744.02(B)(1) applies. That section provides:

> [A] political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

**{¶9}** Young contends that the "circumstances of Kimberly's death fall squarely within the immunity exception." The Board, on the other hand, contends that Young's

negligent retention and supervision claim "clearly pertains to negligence that is separate from the negligence of the bus driver * * * in driving the bus."   In other words, according to the Board, alleged negligence in operating a bus is completely separate and distinct from alleged negligence in supervising and retaining a bus driver, and the latter does not give rise to the R.C. 2744.02(B)(1) immunity exception.   Although *Hubbard*, supra, addresses a different R.C. 2744.02(B) exception than the one at issue here, we find it instructive.

{¶10} In *Hubbard*, the plaintiffs sought damages for the alleged sexual assault, on school property, of their daughter by a teacher in the Canton City School District. Negligent retention and supervision was one of the claims upon which the plaintiffs sought relief.

{¶11} The exception at issue in *Hubbard* was under R.C. 2744.02(B)(4), which provides "[p]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function."   The school board contended that the exception did not apply to all negligent acts occurring within or on the grounds of government buildings.   Rather, it was the school board's position that the exception was limited to negligence in connection with physical defects within or on the grounds of its buildings.

{¶12} The Ohio Supreme Court disagreed, stating that:

R.C. 2744.02(B)(4) applies to *all cases* where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the

grounds of buildings that are used in connection with the performance of a governmental function. *The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings*. Since the injuries claimed by plaintiffs were caused by negligence occurring on the grounds of a building used in connection with a government function, R.C. 2744.02(B)(4) applies and the board is not immune from liability.

(Emphasis added.) *Id.* at ¶ 18. The Court held, therefore, that the school board was not immune from liability under the plaintiffs' negligent retention and supervision claim. *Id.* at ¶ 18-19.

{¶13} Similarly, here, we are not persuaded by the Board's contention that R.C. 2744.02(B)(1) "does not apply to negligence outside the actual driving or moving the vehicle * * *." Moreover, we find the cases cited by the Board for its proposition distinguishable from this case.

{¶14} The Board cites *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706. In *Marlington*, parents sued the school district and several of its employees after their daughter was sexually molested by another child on one of the district's school buses. One of the parents' claims was that the bus driver negligently supervised the children on the bus.

{¶15} The issue in the case was whether a "school bus driver's *supervision of the conduct of children on a school bus amounts to operation of a motor vehicle* within the statutory exception to political subdivision immunity under R.C. 2744.02(B)(1)." (Emphasis added.) *Id.* at ¶ 9. The Ohio Supreme Court held that it does not. But that is distinguishable from this case, where it is not alleged that the negligent supervision was the operation; rather, Young alleges that the *operation itself* was negligent, *and* that the

Board was negligent or reckless for allowing Simpson to operate the bus. *Marlington* is therefore distinguishable from this case.

{¶16} In another case relied on by the Board, *Miller v. Van Wert Cty. Bd. of Mental Retardation & Developmental Disabilities*, 3d Dist. No. 15-08-11, 2009-Ohio-5082, a student at a center for individuals with disabilities filed action against the board for negligent supervision after a bus driver allegedly left the student on the bus for approximately five hours. The Third Appellate District found *Marlington* controlling and held that the bus driver's alleged negligence in not getting the student off the bus did not constitute negligent operation of a motor vehicle. Again, those facts, wherein some other action (i.e., getting the children off the bus) was the alleged "operation" are distinguishable from the facts here, where it is alleged that the operation in and of itself was negligent.

{¶17} Another case cited by the Board, *Dub v. Beachwood*, 191 Ohio App.3d 238, 2010-Ohio-5135, 945 N.E.2d 1065 (8th Dist.), is similarly distinguishable from this case. In *Dub*, a city of Beachwood senior citizen utilized a service offered by the city, whereby it provided a complimentary van service for its elderly residents. A brochure, given to residents who registered for the service, stated that a passenger must bring an escort if she was in need of assistance because the van's driver did not provide assistance.

{¶18} The van transported the plaintiff to a grocery store, where it stopped and parked near the entrance of the store. Upon exiting the van, the plaintiff slipped on a patch of ice on the parking lot, fell, and broke her leg. She sued the city alleging, in part,

that its driver was negligent by not assisting her in exiting the van.

**{¶19}** This court found that the exception to immunity under R.C. 2744.02(B)(1) did not apply. This court reasoned that the driver was *not driving or otherwise causing the vehicle to be moved at the time of the plaintiff's injury*. However, here, according to Young's complaint, the bus driver was driving at the time of Kimberly's accident. Thus, this case and *Dub* are distinguishable.

**{¶20}** The Board also cites *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, 772 N.E.2d 129 (9th Dist.). In *Shalkhauser*, a Medina police officer stopped a motorist after observing him driving erratically and discovering that he had an outstanding arrest warrant. The stop was effectuated after a high-speed chase that ended when the *motorist's vehicle* collided with a vehicle driven by the plaintiff. The plaintiff sustained severe injuries as a result of the collision and sued the city of Medina and the officer.

**{¶21}** The plaintiff contended that the city and officer were not immune from liability under the R.C. 2744.02(B)(1) negligent operation of a motor vehicle exception. The Ninth Appellate District held as follows:

> The exception to immunity set forth at R.C. 2744.02(B)(1) for negligent operation of motor vehicles by employees of political subdivisions has no application to the decisions of [the officer] to initiate and continue the chase. The R.C. 2744.02(B)(1) exception to political subdivision immunity applies only where an employee *negligently operates* a motor vehicle; decisions concerning whether to pursue a suspect and the manner of pursuit are beyond the scope of the exception for negligent operation of a motor vehicle.

(Emphasis sic.) *Id.* at ¶ 28.

**{¶22}** The Board contends that *Shalkhauser* is on point with this case because its decisions "regarding the retention and/or supervision of its employee * * * are 'beyond the scope of the exception for negligent operation of a motor vehicle.'" But the claim here is that Simpson *negligently operated* the bus and that the Board's negligent or reckless retention and supervision of him allowed him to do so. This case is distinguishable from *Shalkhauser*, where it was not the employee's negligent operation of his police vehicle that caused the plaintiff's injuries; rather, it was the fleeing motorist who caused the injuries.

**{¶23}** In light of the above, we find that the cases relied on by the Board are distinguishable from the factual circumstance of this case.

**{¶24}** Young cites *Swain v. Cleveland Metro. School Dist.*, 8th Dist. No. 94553, 2010-Ohio-4498, in support of his position that the R.C. 2744.02(B)(1) immunity exception applies. In *Swain*, the mother of a five-year-old girl brought suit against the school district after one of its bus drivers failed to discover the sleeping child on the bus, and parked the bus in the garage, leaving her alone. This court found the R.C. 2744.02(B)(1) immunity exception applicable, stating that the bus driver's conduct took place in relation to the operation of the bus. *Id.* at ¶ 14.

**{¶25}** Here, an even stronger case presents itself for the bus driver's conduct taking place in relation to the operation of the bus. Specifically, according to Young's complaint, while driving a bus for the Board, Simpson struck Kimberly as she was crossing the street. We are not persuaded by the Board's contention that *Swain* supports its position because the alleged negligence here pertains to the Board's retention and

supervision of Simpson, while the negligence in *Swain* related to the driving or moving of a vehicle.

**{¶26}** As discussed, the Ohio Supreme Court has held that a negligent retention and supervision claim is actionable if there has been negligence under one of the R.C. 2744.02(B) exceptions to immunity. *Hubbard*, supra, at ¶ 18. We similarly find here that Young's allegation that the Board's negligent or reckless retention and supervision of Simpson allowed him to negligently operate a bus is an actionable claim under R.C. 2744.02(B)(1).

**{¶27}** In response to Young's citation to *Swain*, the Board cites *Gould v. Britton*, 8th Dist. No. 59791, 1992 WL 14925 (Jan. 30, 1992). In *Gould*, the plaintiff sued the city of Cleveland and one of its police officers for injuries sustained in an automobile accident with the officer while the officer was on police business. One of the plaintiff's claims was that the city negligently entrusted the officer with a police vehicle. This court's holding was specific: "The statutory exceptions to immunity outlined in R.C. 2744.02(B) do not provide for a cause of action based upon negligent entrustment of a police automobile in the furtherance of providing police services." This court explained that "R.C. 2744.02(B) permits a lawsuit based upon the negligent operation of a police vehicle; however, when such a vehicle is operated in response to an emergency call and the operation is neither willful or wanton, liability is barred." This case does not involve the operation of a police vehicle on an emergency call, which is a defense to a liability exception. The elements of a negligent hiring and retention claim are (1) the existence

of an employment relationship, (2) the fellow employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employee's act or omission that caused the plaintiff's injuries, and (5) the employer's negligence in hiring or retaining the employee as a proximate cause of the injury. *Hull v. J.C. Penney Co.*, 5th Dist. No. 2007CA00183, 2008-Ohio-1073, ¶ 29.

{¶28} Upon review, construing as true all of the material allegations in Young's second amended complaint, with all reasonable inferences to be drawn therefrom, in favor of Young, the trial court did not err in denying the Board's motion for judgment on the pleadings on Young's negligent retention and supervision claim.

{¶29} Moreover, R.C. 2744.03 provides as follows:

(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

* * *

(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources *unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.*

(Emphasis added.)

{¶30} Young alleges in his second amended complaint that prior to this accident,

Simpson had twice been convicted of driving under the influence and had reported those convictions to the Board. The complaint further alleges that despite its knowledge of Simpson's prior convictions, the Board failed to require him to participate in any drug and alcohol program, and failed to perform evaluations to determine his fitness to operate a bus. In addition to alleging that these acts were negligent, Young alleged that they were reckless.

**{¶31}** Again, accepting the material allegations as true, as we are required to in reviewing a Civ.R. 12(C) motion for judgment on the pleadings, the facts as pled by Young were sufficient for the purpose of overcoming a motion for judgment on the pleading.

**{¶32}** In light of the above, the trial court properly denied the Board's Civ.R. 12(C) motion for judgment on the pleadings. The Board's assignment of error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR